IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

BOBBY D. GALLEGOS,

      Plaintiff,

v.                                              No. CIV-O3-384 BB/KBM

LES BROWNLEE,
ACTING SECRETARY
OF THE ARMY

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

## FOR CLAIMS RELATING TO SEVEN AND TEN DAY SUSPENSIONS

    This matter comes before the Court for consideration of Plaintiff's First Amended Complaint filed February 11, 2004 ("Complaint," Doc. 27) and Defendant's Motion for Summary Judgment filed September 15, 2004. ("Motion," Doc. 43.)  In both the Complaint and the Memorandum in Support of Motion for Summary Judgment ("Memorandum," (Doc. 44)) accompanying the Motion, the parties allude to disciplinary actions taken against Plaintiff in addition to his termination.  (See, e.g., Complaint at  ¶49 ("unjustified disciplinary actions"); ¶52 (retaliation in the form of "unjustified disciplinary actions"); and ¶67 ("undue discipline"); and Memorandum at n.1 (referring to Plaintiff seeking damages relating to seven and ten-day suspensions) and at p. 14 (argument whether Plaintiff can prove a prima facie case with reference to the seven and ten day suspensions)). The Court finds no basis for jurisdiction over these claims.

    A court may dismiss sua sponte a claim over which it lacks jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("whenever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction of the subject matter, the court shall dismiss the action"). There is no statutory direction for procedure upon an issue of jurisdiction so the mode of its determination is left to the the trial court. U.S. ex rel. Precision Co. v. Koch Industries, Inc., 971 F.2d 548, 550 n.1 (10th Cir. 1992). The Tenth Circuit prefers that a District Court set and follow a procedure for that determination. U.S. ex rel. King v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1282 (10th Cir. 2001). By this Order the Court is setting a procedure for resolving the question.

Minor disciplinary actions such as Plaintiff's suspensions of less than fourteen days are covered by Subchapter I of the Civil Service Reform Act (CSRA). 5 U.S.C. §§ 7501-7504. In contrast, Subchapter II covers major disciplinary actions (removal, suspensions for more than fourteen days, etc.). 5 U.S.C. §§ 7511-7514. Only disciplinary actions covered in Subchapter II may be appealed to the Merit Systems Protection Board (MSPB) and only actions in Subchapter II are entitled to judicial review. U.S. v. Fausto, 484 U.S. 439, 447 (1988); Synan v. Merit Systems Protection Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985). Judicial review is generally unavailable for suspensions of less than fourteen days such as Plaintiff raises here. See Fausto, 484 U.S. at 450; see also, Graham v. Ashcroft, 358 F.3d 931, 933 (D.C. Cir. 2004) (no right of judicial review for minor personnel actions); Pinar v. Dole, 747 F.2d 899, 910 (4th Cir. 1984) (same).

Even if judicial review of such claims is available, they are not cognizable by district courts. Congress has limited district court jurisdiction to claims satisfying two criteria, (1) the action must be one the employee can appeal to the MSPB, and (2) it must involve a claim of discrimination. 5 U.S.C. §§ 7702(a)(1)(A) & (B) and 7703(b)(2); Ballentine v. Merit Systems Protection Bd., 738 F.2d 1244, 1246-47 (Fed. Cir. 1984). Suspensions less than fourteen days

2

are not appealable to the MSPB, hence those suspensions do not meet the district court jurisdictional requirements for a mixed case in 5 U.S.C. § 7702(a)(1)(A)(B).

The remedial provisions of the CSRA are the exclusive remedies available to federal employees challenging disciplinary actions. <u>Pinar</u>, 747 F.2d at 910. Hence, these precedents suggest that the Court does not have jurisdiction to consider the claims Plaintiff raises for his seven and ten day suspensions. While Defendant has denied the allegations pertaining to jurisdiction in the Complaint (Answer at ¶¶ 2 & 4; Complaint at ¶¶ 2 & 4), neither party has directly argued the jurisdictional basis for the suspension claims.

Based on the foregoing, it is hereby ORDERED that Plaintiff's claims relating to his seven and ten day suspension are DISMISSED as of December 10, 2004, unless Plaintiff provides this Court with legal authority supporting jurisdiction over such claims by that date.

**DATED** at Albuquerque this 30th day of November, 2004.

　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Bruce D. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　BRUCE D. BLACK
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**Attorneys:**

For Plaintiff:
　　Roy R. Brandys
　　Childress & Zdeb, Ltd.
　　515 N. State St., Suite 2200
　　Chicago, IL  60610

For Defendants:
　　Michael H. Hoses
　　Assistant U.S. Attorney
　　P.O. Box 607
　　Albuquerque, NM  87103